Tim Roger LUEPTOW, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee,
at Jackson.

March 1, 1995.

George Morton Googe, District Public Defender, Pamela J. Drewery, Asst. Dist. Public Defender, Jackson, for Appellant.

Charles W. Burson, Attorney General & Reporter, Ellen H. Pollack, Counsel for the State, Criminal Justice Division, Nashville, James G. (Jerry) Woodall, District Attorney General, Don Allen, Asst. Dist. Attorney General, Jackson, for Appellee.

## OPINION

SUMMERS, Judge.

Appellant Tim Roger Lueptow pled guilty to one count of using a minor for obscene purposes. The Madison County Circuit Court sentenced Lueptow to nine years in the Department of Correction. He filed a petition for post-conviction relief based on ineffective assistance of counsel. The trial court dismissed Lueptow's petition and he has appealed.

The determinative issue on appeal is whether the failure of Lueptow's attorney to challenge the validity of certain search war-

rants was ineffective assistance of counsel. We conclude that it was and respectfully reverse the judgment of the trial court.

On June 7, 1990, a police investigator obtained a search warrant to search Lueptow's residence. The affidavit for the search warrant describes the property to be seized as "pornographic materials, sexual devices, and photographic materials and equipment for use in pornographic exploitation."

Probable cause to believe that such property would be found at Lueptow's residence was stated in the affidavit as follows: "talked with three confidential informants who are under the age of 18 years who within the last 72 hours have been in the above premises and were told by the owner that the above listed items were in his house and he would show them how to use them if they wished."

Execution of the search warrant produced numerous video tapes, thirty-five millimeter slides and assorted photographs. One video showed a minor male masturbating. The video was filmed with a camera concealed in his bathroom without the consent or knowledge of the minor. Apparently one other minor was filmed while engaging in the same activity. The Jackson Police Department obtained a second search warrant on June 8th to determine whether the other property seized contained pornographic material. Probable cause was based on the video viewed during the first search.

Lueptow was indicted on two counts of using a minor for obscene purposes; four counts of sales, loans, or exhibition of various obscene or pornographic materials to a minor; and two counts of contributing to the delinquency of a minor. On the day Lueptow's case was set for trial, he pled guilty to one count of using a minor for obscene purposes. Lueptow told the court that he was pleading guilty to save the minors from having to go through the trial and to protect them from embarrassment. The other counts were dismissed.

In September of 1992, Lueptow filed a *pro se* petition for post-conviction relief. Lueptow alleged generally that his attorney's actions fell below the objective standard of reasonableness and that a reasonable probability existed that but for these actions, the results of the proceedings would have been different. He specifically alleged that: 1) his attorney's failure to contest the search warrant deprived him of a fair trial and contributed to his decision to enter a guilty plea against his interest; 2) due to the publicity of his case, his counsel should have filed a motion for a change of venue; 3) his counsel failed to interview a witness whose testimony would have refuted the testimony of a witness, causing him to plead guilty unknowingly and unintelligently; and 4) that his plea was not intelligently made because he did not understand the plea bargain.

After a hearing, the trial court dismissed Lueptow's petition, finding no merit to his claims. The trial court's findings of fact are binding on appeal unless the evidence preponderates otherwise. *Long v. State*, 510 S.W.2d 83, 86 (Tenn.Crim.App. 1974). The burden is on the appellant to prove that the evidence preponderates otherwise. *Id.* In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that a convicted defendant's claim that counsel's assistance was so defective as to require a reversal of a conviction requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Id.* at 687, 104 S.Ct. at 2064. In order to prove a deficient performance by counsel, a defendant must prove that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 2064. A reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of professional assistance. *Id.* at 689, 104 S.Ct. at 2065. In order to prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 694, 104 S.Ct. at 2068.

A reasonable probability is probability sufficient to undermine confidence in the outcome. *Id.; Baxter v. Rose,* 523 S.W.2d 930 (Tenn.1974).

In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) the Supreme Court applied the two-part *Strickland* standard to ineffective assistance of counsel claims arising out of the plea process. The Court in *Hill* modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 59, 106 S.Ct. at 370. The Court noted that in many guilty plea cases the prejudice analysis would closely resemble the prejudice analysis applicable to jury convictions. *Id.* The Court explained that whether a certain error prejudiced the defendant by causing him to plead guilty instead of going to trial will in many cases depend on the likelihood that a correction of counsel's ineffective assistance would have changed the outcome of a trial. *Id.* One of the Court's examples was a case in which the alleged error of counsel was failure to discover potentially exculpatory evidence. The Court explained that whether a defendant was prejudiced by this failure would depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This inquiry would depend in large part on a prediction of whether the evidence would have changed the outcome of the trial. *Id.* The Court noted that predictions as to the possible outcome of a trial should be made objectively. *Id.* at 59–60, 106 S.Ct. at 370–371.

■ Lueptow argues that his attorney's representation fell below the objective standard of reasonableness because he failed to file a motion to suppress the evidence seized pursuant to the June 7th search warrant. He argues that the probable cause for issuing the warrant was "suspicious and flimsy." Probable cause has generally been defined as "a reasonable ground for suspicion, supported by circumstances indicative of an ille-

gal act." *State v. Johnson,* 854 S.W.2d 897, 899 (Tenn.Crim.App.1993).

Both the state and Lueptow rely on *State v. Jacumin,* 778 S.W.2d 430 (Tenn.1989) as the applicable probable cause analysis. Their reliance is misplaced. The probable cause analysis adopted in *Jacumin* applies to criminal informants or those from the criminal milieu and requires a showing of both (1) the basis for the informant's knowledge, and either (2)(a) a basis establishing the informant's credibility or (2)(b) a basis establishing that the informant's information is reliable. *State v. Cauley,* 863 S.W.2d 411, 417 (Tenn.1993).

■ In contrast, when the information is supplied by an unnamed citizen informant, as in this case, it is presumed to be reliable; and the state is not required to establish either the credibility of the informant or the reliability of his information. *Id.* at 417. Instead, ' "the reliability of the source and the information must be judged from all the circumstances and from the entirety of the affidavit." ' *Id.* (quoting *State v. Melson,* 638 S.W.2d 342, 356 (Tenn.1982)). Applying the analysis espoused in *Cauley,* we conclude that, for the most part, the information in the affidavit was sufficient to establish probable cause.

There is an infirmity in the affidavit, however, which if challenged would most likely have resulted in the suppression of the evidence seized pursuant to both search warrants. The June 7th affidavit describes the property to be seized as "pornographic." This Court has held that such a description is a "bald conclusion," and can void a search warrant. *Bentley v. State,* 552 S.W.2d 778, 780 (Tenn.Crim.App.1977). Because probable cause to issue the June 8th warrant was based on the June 7th warrant and because the June 8th warrant also describes the material to be seized as "pornographic," it is very likely to also be invalid.

We conclude that Lueptow has established that his attorney's representation fell below the objective standard of reasonableness

when he failed to file a motion to suppress the evidence seized pursuant to the search warrants. Lueptow testified that his attorney told him that he would file a "suppression order," but he did not. The affidavits reveal a sound basis on which to challenge the warrants. Further, an attempt to invalidate the warrants and suppress the evidence seized most likely would have been successful.

The next question is whether the suppression of the evidence would have led Lueptow's attorney to change his recommendation as to the plea agreement. Suppressing the property seized would have eliminated the state's most compelling evidence. The state argues that at least one of the minors who provided information for the affidavit was present and prepared to testify at trial. The state, however, did not introduce evidence at the post-conviction hearing as to what the minor's testimony would have been if he had testified at trial. The attorney who represented Lueptow did not testify at the hearing. The prosecution called no witnesses nor presented any proof to counter Lueptow's compelling claim on the suppression issue. That being the case, we conclude that had Lueptow's attorney properly considered the suppression issue, he would have recommended that Lueptow plead not guilty because of the lack of evidence to convict him.

Lastly, Lueptow's testimony at the post-conviction hearing establishes a reasonable probability that but for his attorney's failure to challenge the validity of the warrants, he would not have pled guilty but would have insisted on going to trial. He testified in substance that his attorney told him that he would get a "suppression order" suppressing the evidence seized. He further testified that when this order did not materialize he had no other choice but to plead guilty.

Because Lueptow is entitled to relief based on his attorney's failure to contest the validity of the search warrants, it is unnecessary to address the remaining claims in his post-conviction petition. We have reviewed them, however, and find none to be of sufficient merit.

We respectfully reverse and remand the case for a new trial.

JONES and WADE, JJ., concur.

WADE, Judge, concurring.

I concur. Based primarily upon our holding in *State v. Smith,* 867 S.W.2d 343 (Tenn. Crim.App.1993), however, I would submit that both the state and the defense appropriately relied upon the standard established in *State v. Jacumin,* 778 S.W.2d 430 (Tenn. 1989). In *Smith,* this court ruled that the affidavit in a search warrant should, by implication or otherwise, establish whether the information was received from a citizen informant or a confidential informant; if no determination can be made, the stricter standard in *Jacumin* should apply. Here the affidavit makes reference to "three confidential informants." Because I cannot reasonably infer from the other information contained therein that these were citizen informants, I would hold that the sufficiency of the affidavit should be governed by the *Jacumin* standard: (1) a showing of the basis of the knowledge of the informant; and (2) a showing of the credibility of the informant or the reliability of his information.

By use of the more demanding *Jacumin* standard, the affidavit in this warrant would certainly fail. Thus, I fully agree that trial counsel would have been ineffective for the failure to have challenged the sufficiency of the search warrant by a pretrial motion to suppress.