IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1996 SESSION



# FILED

**June 18, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| CHARLES HARRILL | ) | NO. 03C01-9605-CC-00185 |
| | ) | |
| Appellant | ) | BLOUNT COUNTY |
| | ) | |
| V. | ) | HON. KELLY THOMAS, JR., JUDGE |
| | ) | |
| STATE OF TENNESSEE | ) | (Post-Conviction) |
| | ) | |
| Appellee | ) | |
| | ) | |

FOR THE APPELLANT                            FOR THE APPELLEE

Mack Garner                                   John Knox Walkup
District Public Defender                      Attorney General and Reporter
419 High Street                               450 James Robertson Parkway
Maryville, Tennessee 37801                    Nashville, Tennessee 37243-0493

Laura Rule Hendricks                          Michael J. Fahey, II        810
Henley Street                                 Assistant Attorney General
Knoxville, Tennessee 37902                    450 James Robertson Parkway
                                              Nashville, Tennessee 37243-0493

                                              Michael L. Flynn
                                              District Attorney General
                                              363 Court Street
                                              Maryville, Tennessee 37804-5906

                                              Kirk Andrews
                                              Assistant District Attorney General
                                              363 Court Street
                                              Maryville, Tennessee 37804-5906

OPINION FILED:_____

AFFIRMED IN PART; DELAYED APPEAL GRANTED

William M. Barker, Judge

<u>Opinion</u>

The Appellant, Charles Harrill, appeals as of right the Blount County Circuit Court's dismissal of his post-conviction petition. He argues on appeal that his constitutional right to effective assistance of counsel was violated. He claims specifically that:

(1)     His guilty plea was not knowing, voluntary, and intelligent.

(2)     His lawyer failed to object when the trial court accepted his guilty plea in violation of <u>State v. Mackey</u>, 553 S.W.2d 337 (Tenn. 1977), and Rule 11 of the Tennessee Rules of Criminal Procedure.

(3)     His lawyer failed to adequately interview potential witnesses prior to the guilty plea hearing.

(4)     His lawyer failed to introduce sufficient proof at the sentencing hearing.

(5)     His lawyer failed to object when the district attorney recommended that he serve his sentence in the Department of Correction.

(6)     His lawyer failed to advise him of his right to appeal his sentence after the sentencing hearing.

After a careful review of the record on appeal, we grant the Appellant a delayed appeal with respect to his sentences only. Regarding all other issues, however, the trial court is affirmed.

Factual Background

On January 11, 1993, the Appellant raped his thirteen-year old adopted step-daughter. Around 6:00 a.m. on that day, after the Appellant's wife left for work, the Appellant went into the bedroom where his step-daughter was resting on the bed. The Appellant made the girl take off her panties, forcibly spread her legs, and sexually penetrated her. When the incident was over, approximately thirty minutes later, the Appellant told the young girl to take a shower and get ready for school. The Appellant took the girl to school where she reported the incident to friends and school faculty. A medical examination confirmed that the young girl had been vaginally penetrated.

The Appellant's lawyer tried to work out a plea bargain agreement with the district attorney prior to trial. The Appellant wanted to serve his sentence in

2

community corrections or at least get split confinement instead of a full prison sentence. During the plea bargaining process, however, the district attorney learned that the Appellant had a significant previous criminal history and refused to recommend community corrections, but agreed to recommend an eight-year sentence to be served in the manner decided by the trial court. On October 22, 1993, the Appellant pled guilty to rape. On February 8, 1994, the trial judge sentenced him to eight years imprisonment in the Department of Correction. No appeal was taken, but later the Appellant filed this petition for post-conviction relief seeking to have his guilty plea set aside. The trial court dismissed the petition and the Appellant now appeals.

Argument

The Appellant contends that he was denied effective assistance of counsel under both the United States and the Tennessee Constitutions. In reviewing the claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney were within the range of competency demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the plea process. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2053, 2064, 2067-68, 80 L.Ed. 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). To satisfy the requirement of prejudice, an appellant must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed. 203 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim App. 1991).

The Appellant's two first ineffective assistance of counsel claims concern whether his guilty plea was knowing, voluntary, and intelligent. First he claims that his counsel led him to believe that by pleading guilty he would receive a community corrections sentence instead of a prison sentence, and that but for that

3

misapprehension he would have gone to trial. He further claims that his lawyer failed to object when the trial judge did not comply with the procedures established in Mackey, 553 S.W.2d 337 and Rule 11 of the Tennessee Rules of Criminal Procedure when accepting his guilty plea. Both issues are without merit.

It is well-settled in American jurisprudence that a guilty plea must be knowing, voluntary, and intelligent to be constitutionally valid. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct 1709, 1712, 23 L.Ed.2d 274 (1969). To insure that criminal defendants' constitutional rights are protected, the Tennessee Supreme Court has developed a procedure for trial judges accepting guilty pleas. Mackey, 553 S.W.2d 337. This procedure requires the trial judge to address the defendant personally in open court and makes sure that he understands the nature of the charges against him and the maximum and minimum penalties provided by law. The trial judge must also make sure that the Defendant knows that he has a right to counsel, that he has a right to not plead guilty, that he has a right to a trial and to confront and cross-examine witnesses, that he has a right to not incriminate himself, that there will be no further proceedings except for a sentencing hearing, that he may be questioned about the offense by the state or the court, that any statements made can be used against him, that the plea is voluntary and not the result of any force, threat, or promise apart from the plea agreement and that there is a factual basis for the plea. Id at 342. However, a guilty plea does not necessarily become void or voidable because a trial judge does not strictly follow Mackey; substantial adherence will generally suffice. Id. "It is the result, not the process, that is essential to a valid plea. The critical fact is the defendant's knowledge of certain rights, not that the trial judge was the source of that knowledge." Johnson v. State, 834 S.W.2d 922, 924-25 (Tenn. 1992); see State v. Montgomery, 840 S.W.2d 900, 902 (Tenn. 1992).

We find that the trial judge substantially complied with the guilty plea procedures provided in Mackey and Rule 11 of the Tennessee Rules of Criminal Procedure and that the Appellant's guilty plea was knowing, voluntary, and intelligent.

4

The record clearly indicates that the Appellant knew that he was charged with rape and that rape carries a sentence of eight to twelve years. Even though the Appellant claims that he thought he was going to be sentenced to community corrections under his plea agreement, the record shows that he knew that it was up to the judge to decide how his sentence was to be served. The trial judge at the post-conviction hearing also found that the Appellant's counsel had informed the Appellant that he would not be sentenced to community corrections and that he could be sentenced to eight years imprisonment. The trial court's findings of fact in a post-conviction hearing are binding on appeal unless the Appellant can show that the evidence preponderates against the trial court's findings. State v. Lueptow, 909 S.W.2d 830, 831 (Tenn. Crim. App. 1995). The Appellant has failed to show that the evidence preponderates against the trial court's findings.

The guilty plea hearing transcript also reveals that the trial judge informed the Appellant of his right to not plead guilty, his right to a trial and to confront witnesses, that there would be no trial and only a sentencing hearing, and that if he plead not guilty he had the right to remain silent. The trial judge also made sure the Appellant did not enter the plea because of any force, threat or promise apart from the plea agreement and that there was a factual basis for the rape charges. The Appellant's argument that his counsel failed to object when the trial court did not adhere to the guilty plea procedures in Mackey and Rule 11 of the Tennessee Rules of Criminal Procedure is moot since we find that the trial court adhered to those procedures. The Appellant's third contention is that his lawyer rendered ineffective assistance of counsel because he failed to adequately interview potential witnesses prior to the guilty plea hearing. The Appellant argues that if his lawyer had interviewed the victim and other potential witnesses it would have become apparent that the victim consented to sexual intercourse. This, the Appellant contends, would have led to a lesser criminal charge and a more favorable plea agreement. The Appellant also

5

asserts that but for this failure to investigate, he would not have pled guilty and gone to trial.

This argument is not well taken. The record clearly shows that the Appellant specifically asked his lawyer to not interview his step-daughter or his wife to avoid further embarrassment to his step-daughter. The trial judge also found that the Appellant's lawyer thoroughly investigated this case and provided excellent counsel to the Appellant. The Appellant has failed to demonstrate that the evidence preponderates against the trial court's findings.

In his fourth argument, the Appellant claims that his lawyer rendered ineffective assistance of counsel because he failed to introduce sufficient proof at the sentencing hearing. This issue is without merit.

The Appellant's complaint is based on the assertion that his lawyer failed to call certain witnesses to the sentencing hearing and failed to summon members of the community to write letters on the Appellant's behalf to be introduced at the sentencing hearing. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the [post-conviction] hearing" to prove that the petitioner suffered prejudice because critical evidence was omitted from the trial. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Here, the Appellant failed to introduce any of the alleged witnesses or the letters from the community at the post-conviction hearing. This Court cannot speculate as to what proof would have been offered had the witnesses and the letters been introduced at the hearing and absent such proof we are unable to find that the Appellant suffered prejudice as is required under the second Strickland inquiry. 466 U.S. at 687-88, 692, 694, 104 S.Ct. at 2064, 2067-68, 80 L.Ed.2d 674.

The Appellant's fifth contention is that his lawyer rendered ineffective assistance of counsel when he failed to object when the district attorney

6

recommended that he serve his sentence in the Department of Correction. This issue is without merit.

During the plea bargain negotiations, the district attorney agreed to recommend that the Appellant should serve an eight-year sentence but that it would be for the trial court to decide the manner of service. At the sentencing hearing the district attorney argued that the Appellant should serve his eight-year sentence in the Department of Correction. The Appellant now claims that his lawyer should have objected to the district attorney's argument.

The Appellant has failed to state any authority in support of his argument and, therefore, has waived this issue. Rules of the Court of Criminal Appeals 10(b); Killebrew, 760 S.W.2d at 231. Moreover, since the district attorney never promised to not argue in support of an eight-year prison sentence, it was within his discretion to argue that the Appellant should be incarcerated and the fact that the Appellant's lawyer did not object is not constitutional error. See Tenn. R. Crim. P. 11(e)(1)(B).

The Appellant's final contention is that his lawyer rendered ineffective assistance of counsel because he failed to advise him of his right to appeal his sentence after the sentencing hearing. For the same reason, the Appellant also asks this Court to grant him a delayed appeal.

Immediately before the sentencing hearing, the Appellant's counsel advised the Appellant that he could appeal any decisions the trial court may make regarding his sentence. In response, the Appellant stated that he did not want to appeal any sentence the trial court may impose. After the sentencing hearing, the Appellant's counsel did not have any further contact with the Appellant, except for a letter, which stated in its entirety, "I have fully completed my legal representation of you regarding the above captioned matter. I have enjoyed working for you, and if I can be of service to you in the future, please contact me."

Tennessee Rule of Criminal Procedure 37(d) provides that an attorney, before any judgment becomes final, must either file a notice of appeal or a waiver of appeal

7

signed by the defendant with the trial court. Tenn. R. Crim. P. 37(d). A technical violation of this rule does not render a judgment invalid if the record clearly and unambiguously shows that the defendant knew of his right to appeal and intended to waive that right to appeal. Jenkins v. State, C.C.A. No. 01C01-9405-CR-00156 (Tenn. Crim. App., Nashville, Apr. 13, 1995).

Here, the evidence shows that before he was sentenced, the Appellant advised his attorney that he had no intention of seeking an appeal. However, there is no indication that his attorney later discussed with the Appellant whether or not he had changed his mind and wanted to appeal after he knew the trial court's sentencing decision. Moreover, there is no waiver of appeal in the record in accordance with Rule 37(d) of the Tennessee Rules of Criminal Procedure. The appropriate remedy for this deficiency is a delayed appeal. Rawlings v. State, C.C.A. No. 02C01-9504-CR-00112 (Tenn. Crim. App., Jackson, Apr. 17, 1996). We, of course, in no way consider the merits, if any, of such an appeal before granting this relief.

Accordingly, we affirm the lower court's judgment denying post-conviction relief with respect to the Appellant's guilty plea and conviction. However, because the Appellant was denied effective assistance of counsel with regard to an appeal of his sentence, we grant the Appellant a delayed appeal with respect to his sentence only.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID G. HAYES, JUDGE