**STATE of Tennessee, Appellee,**

v.

**Larry Joe JOHNSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 12, 1993.

Permission To Appeal Denied March 22, 1993.

William M. Leibrock, Newport, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Jeannie Kaess, Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Sevierville, Edward P. Bailey, Jr., Asst. Dist. Atty. Gen., Newport, for State of TN.

## OPINION

WADE, Judge.

The defendant, Larry Joe Johnson, was convicted of possession of marijuana with intent to sell and deliver. The trial court imposed a two-year sentence and a $3,000.00 fine.

In this appeal, the defendant claims that his conviction was based upon evidence acquired pursuant to an inadequate search warrant. In response, the state asserts that this court is precluded from review because the warrant is not a part of the record.

We affirm the judgment of the trial court.

Pursuant to a search warrant issued November 14, 1990, by the General Sessions Court in Cocke County, law enforcement officers seized a total of 8.34 pounds of marijuana from the defendant's residence. The trial court permitted introduction of the evidence as a part of the state's case. The jury rejected the claims of the defendant and his wife that they knew nothing of the presence of the drug and returned a verdict of guilt.

Apparently, the warrant permitting the search for "stolen property and drugs" contained the following affidavit:

> A reliable confidential informant [who] has given me information in the past and on at least three prior occasions has led to the seizure of drugs, on one occasion the recovery of a stolen vehicle, and on two occasions has led to convictions of individuals involved in the above offenses [of stolen property and drugs]. The informant has proved on several occasions that his information is very reliable and has informed me that in the past thirty-six (36) hours *has seen stolen property*

*and drugs* on the above described premises of Joe Johnson. . . .

(Emphasis added.)

 An affidavit is an indispensable prerequisite to the issuance of a search warrant. Tenn.Code Ann. § 40–6–103; *State ex rel. Blackburn v. Fox*, 200 Tenn. 227, 292 S.W.2d 21, 23 (1956). Its content must establish probable cause. Tenn.Code Ann. § 40–6–104; Tenn.R.Crim.P. 41(c). Generally, probable cause is a reasonable ground for suspicion, supported by circumstances indicative of an illegal act. *See Lea v. State*, 181 Tenn. 378, 181 S.W.2d 351 (1944).

In *State v. Jacumin*, 778 S.W.2d 430 (Tenn.1989), our Supreme Court adopted the two-pronged test of *Aquilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), to determine the adequacy of the affidavit upon which a search warrant is based.

In *Aquilar*, the United States Supreme Court held that there must be a "basis of knowledge" when the officer making the affidavit relies upon a confidential informant:

> [T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was "credible" or his information "reliable."

378 U.S. at 114, 84 S.Ct. at 1514.

The search warrant in *Aquilar* was held invalid because nothing in the affidavit established that the officer had any personal knowledge of the matter attested to or that his source spoke from personal knowledge rather than mere suspicion. *Aquilar*, 378 U.S. at 113, 84 S.Ct. at 1513.

In *Spinelli*, the court found that the affidavit was inadequate by its failure to contain any reason why the informant had been deemed reliable. Moreover, there was insufficient information about the underlying circumstances from which the informant concluded that Spinelli was involved in a bookmaking operation. 393 U.S. at 416, 89 S.Ct. at 589.

In adopting the *Aquilar–Spinelli* test, the *Jacumin* opinion provided as follows:

> We agree . . . that the principles developed under *Aquilar v. Texas* . . ., and *Spinelli v. United States* . . ., *if not applied hypertechnically*, provide a more appropriate structure for probable cause inquiries incident to the issuance of a search warrant than does [*Illinois v.*] *Gates* [462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) ]. We are also of the opinion that the *Aquilar–Spinelli* standard . . . is more in keeping with the specific requirement of Article 1, Section 7 of the Tennessee Constitution that a search warrant not issue "without evidence of the fact committed."

778 S.W.2d at 436 (emphasis added).

 In this instance, the trial judge found that both the veracity and the basis of knowledge tests had been met by the content of the warrant. Initially, the officer affiant established the reliability of the informant by reference to the three prior, successful investigations. Compliance with the veracity prong is, therefore, apparent.

As to the basis of knowledge test, the informant had been at the residence of the defendant within 36 hours prior to the issuance of the warrant and had seen "stolen property and drugs." That would appear to be sufficient as to the second prong. Yet the warrant, if accurately reflected by the proffered exhibit, makes reference only to "stolen property and drugs." Evidently, no stolen property was found; at least none is at issue here. More importantly, there is neither mention of "marijuana" nor characterization of the drugs as illegal.

"Drugs" are not necessarily illegal. But *Jacumin* warns against the "hypertechnical application" of the test. To hold that the affiant had to specifically state "marijuana" rather than the more generic term might, at first blush, appear to be a trivial distinction.

In a related issue, however, the defendant claims that the search warrant was

defective for not "particularly describing the property...." Tenn.Code Ann. § 40–6–103. That, we think, bears upon the basis of knowledge test. Art. 1, § 7 of the Tennessee Constitution proscribes general warrants "to search suspected places ... [where] offences are not particularly described and supported by evidence...." A specific requirement of the fourth amendment to the United States Constitution is that no warrants will issue except those "particularly describing the ... things to be seized." In *People v. Schmidt,* 172 Colo. 285, 473 P.2d 698 (1970), the court discussed the nature of the description requirement:

> If the purpose of the search is to find specific item of property, it should be so particularly described in the warrant as to preclude the possibility of the officer seizing the wrong property; whereas, on the other hand, *if the purpose is to seize not a specific property, but any property of a specified character, which by reason of its character is illicit or contraband,* a specific particular description of the property is unnecessary and it may be described generally as to its nature or character.

2 W. LaFave, *Search and Seizure,* § 4.6(b) (1987) (emphasis added).

Descriptions which have been upheld include "narcotic drugs"; "marijuana, dangerous drugs, stimulant drugs, and hallucinogenics"; "controlled substances"; and "narcotics, dangerous and narcotics paraphernalia." *Id.* A more general warrant for "stolen property" has been held inadequate in a number of cases. LaFave at § 4.6(c).

■ The thrust of these cases is that the property to be seized must not only be described as "stolen" but referred to with specificity, e.g., "stereo tapes or players." *See People v. Holmes,* 20 Ill.App.3d 167, 312 N.E.2d 748 (1974). Similarly, a search warrant must describe those items as contraband when they are illegal by virtue of the nature of the use. *See State v. Fitanides,* 131 N.H. 298, 552 A.2d 1379 (1988).

In *Fitanides,* a warrant authorizing a search for "fireworks" was invalid because the warrant failed to distinguish between those lawfully held for sale and those not. Search warrants specifying "drugs" have been upheld only because other portions of the warrant refer to the drugs as illegal. "Marijuana" or "any illegal drugs" would be sufficient to satisfy the constitutional and statutory requirements; a reference to "drugs," however, without distinguishing whether they are lawfully prescribed, is inadequate. *See State v. Williams,* 297 S.C. 404, 377 S.E.2d 308·(1989); *State v. Broell,* 249 Mont. 117, 814 P.2d 44 (1991). LaFave at § 4.6(b) (Supp.1993). It would appear then that the use of the term "drugs," in this instance, was an insufficient basis for the issuance of the search warrant.

■ There is, however, a procedural issue. Despite a motion to quash the search warrant, legal argument in advance of the trial, and a suppression hearing concerning evidence seized by local authorities, the search warrant does not appear to have ever been made a part of the record. At the time of the filing of the appellant's brief, the defendant asked this court to supplement the record of the trial by the inclusion of a search warrant attached as a copy to the motion. Our court denied the request on the following basis:

> There is no certification of the warrant as being on exhibit at trial by the trial judge or the clerk. In the absence of this, this document may not be filed in this record.

*Larry Joe Johnson v. State of Tennessee,* Order, No. 03C01–9204–CR–00135 (Tenn. Crim.App., Knoxville, July 7, 1992).

Tenn.R.Crim.P. 41(d) provides that the "magistrate shall, if the property is not directed to be restored under these rules, transmit the executed original warrant with the officer's return and inventory to the clerk of the court having jurisdiction of the alleged offense in respect to which the search warrant was issued." As it applies here, that would appear to have been the Cocke County Circuit Court Clerk. The record on appeal, by virtue of Tenn. R.App.P. 24(a), includes, among other things, "copies, certified by the clerk of the

trial court, of all papers filed...." Yet the document does not appear in what has been traditionally referred to as the "technical record."

The aim of the record on appeal is "to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn.R.App.P. 24(a). If the record is less than satisfactory, either party has a procedural means by which to rectify the inadequacy. *Id.*

Rule 24(e) of the Tennessee Rules of Appellate Procedure provides an additional method for correction or modification:

If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

The Advisory Commission Comments provide that modification of the record may be remedied at any time, pursuant to stipulation, motion of either party, or motion of the trial or the appellate court.

This record does contain several references to portions of the affidavit. For example, at one point, the assistant district attorney general quotes language almost identical to that contained in the document filed with this court:

A reliable informant, who has given me information in the past, on at least three prior occasions. Has led to the seizure of drugs on one occasion, the recovery of stolen vehicle, and on two occasions has led to convictions of individuals involved in the above offenses.

Later, the state makes reference to another portion of the affidavit which appears to be that contained in the search warrant filed in this court:

Has informed me that in the past thirty-six hours [he] has seen stolen property and drugs on the premises.

Defense counsel describes the warrant as stating "seen stolen property, drugs." Certain of the testimony makes reference to portions of the affidavit. Seven witnesses testified at the hearing on the defense motion to suppress. Yet the complete search warrant does not appear in the trial record. We are unable to find any part of the transcript where any attempt was made to insure the presence of the document in the event of appellate review. Moreover, because there is nothing in the record indicating a return of the search warrant to the clerk, we can only assume that the document filed with this court is the same as that under attack at trial.

In *State v. Melson,* 638 S.W.2d 342 (Tenn.1982), our Supreme Court held that the unincorporated attachment of a search warrant to a memorandum in support of a motion to suppress was inadequate to preserve the issue for appeal. That is so, it concluded, even though the distinction between the technical record and the bill of exceptions had been abolished. *Id.* at 351. *See Krause v. Taylor,* 583 S.W.2d 603 (Tenn.1979). Here, of course, the search warrant apparently never became a part of the record at all. It is a part of this court's file only because the defendant submitted the document in an attempt to supplement the trial record. In our view, the holding in *Melson* precludes substantive review. *See Chico v. State,* 217 Tenn. 19, 394 S.W.2d 648, 651 (Tenn.1965).

An unreported case is more directly in point. In *State v. Charles Swanson and Vickie L. Mason,* No. 143, 1989 WL 63882 (Tenn.Crim.App., Knoxville, June 14, 1989), the trial court granted a defense motion to suppress certain evidence acquired pursuant to a search warrant. Although the warrant was never made a part of the record, the state appealed, contending that the burden is on the defense rather than the appellant to include the warrant in the record. Absent the affidavit of the warrant showing an inadequacy, the state argued, there was no evidence to support the

trial court's order of suppression. Our court held that Rule 24(e) of the Tennessee Rules of Appellate Procedure, permitting a correction of the record, was inapplicable; the panel concluded there was no authority for this court to enlarge the record by adding evidence not introduced at the hearing. The obligation was placed upon "the parties" to build a proper record:

> Had the trial court's ruling gone in favor of the state and the defendant were now the appellant, there is little doubt the state would be vigorously arguing the opposite side of this issue.

Slip op. at 1.

Now, of course, the state is in fact arguing the other side of the issue. Whereas it lost in *Swanson*, the state now wins based upon the same rationale. Because the criminal rules require the filing of the warrant with the clerk of the trial court, the appellate rules long ago eliminated the distinction between the "technical record" and the "bill of exceptions," and the record implies that the search warrant lodged with our court is, in fact, that under attack at trial, our result may be an especially bitter pill to swallow. Yet precedent mandates our conclusion.

Accordingly, the judgment is affirmed.

SCOTT, P.J., and W. FRANK CRAWFORD, Special Judge, concur.