IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 6, 2001

## STATE OF TENNESSEE v. FLOYD ALLEN ANGLEA
## AND PHYLLIS MAE ANGLEA

**Appeal from the Criminal Court for Sumner County**
**No. 34-1999    Jane W. Wheatcraft, Judge**

───────────

**No. M1999-00236-CCA-R3-CD - Filed July 25, 2001**

───────────

In this felony drug possession case, the state appeals from the trial court's order suppressing as evidence all items, including marijuana, seized during a search of the defendants' home. It contends that the trial court erred in determining that the affidavit for the search warrant did not establish probable cause to warrant a search. Based upon the record before us, we are constrained to affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Todd R. Kelley, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Dee David Gay, Assistant District Attorney General, for the appellant, State of Tennessee.

Cynthia M. Fort (on appeal), and Glenn R. Funk (at trial), Nashville, Tennessee, for the appellees, Floyd Allen Anglea and Phyllis Mae Anglea.

**OPINION**

The record indicates that the genesis of the search of the defendants' home was the traffic stop and arrest of Michael Johnson and his assertion that he bought the marijuana found in his car from Floyd Anglea on the day before at the defendants' home. He told police how the sales were arranged and that he bought marijuana from Floyd Anglea at the defendants' home on several occasions. The record indicates that the police prepared an affidavit containing this information and also information regarding the Angleas' prior marijuana involvement as shown from court cases, law enforcement, and other informants. A search warrant was issued. The state asserts that probable cause exists to justify the warrant being issued.

Regardless of the state's position, we believe that the state's appeal is doomed to fail in this case given the deficiency of the record. The trial court's order suppressing the evidence states that "[t]he reasons for granting the motion are stated in detail upon the record in open Court and such findings are to be incorporated by reference in this order." Thus, what transpired at the suppression hearing was material to the trial court's ruling on the motion to suppress. However, no transcript or other document exists in the record to show the court's stated reasons at the suppression hearing.

The record also reflects that the state moved for the trial court to reconsider its findings but filed a notice of appeal pursuant to Rule 3(c), T.R.A.P., before the trial court ruled on the motion. The trial court's purported order denying the state's motion to reconsider was entered three weeks after the state had filed its notice of appeal. However, once the state began its appeal as of right and invoked the jurisdiction of the court of criminal appeals by filing its notice of appeal, the trial court had no jurisdiction to act in the case, and its order denying the motion to reconsider is a nullity. See State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996); State v. Cash, 867 S.W.2d 741, 747 (Tenn. Crim. App. 1993). Thus, we may not rely upon that order.

Finally, we note that the state gave notice that no transcript would be filed because it viewed the only issue on appeal to be whether the search warrant affidavit contains sufficient probable cause, noting that the "search warrant has been designated as part of the record for purposes of this appeal."[1] However, the fact that the trial court's ruling was contingent upon the reasons expressed at the suppression hearing leads us to believe that what occurred at the hearing is material to the appeal. We note that the trial judge ordering the suppression is the same judge who issued the search warrant. We are not at liberty to look to documents outside the record for reasons for the change of position.

Under the foregoing circumstances, the record requires the following conclusions: The state has failed to present a complete record of the proceedings that occurred in the trial court regarding the suppression issue as is required for proper appellate review. See State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). Absent a proper record, we are to presume the trial court's ruling to be correct. See State v. Jones, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1991). Therefore, we presume that the trial court's ruling is supported by appropriate evidence and conclude that the suppression order must be affirmed.

_____
JOSEPH M. TIPTON, JUDGE

---

[1]A search warrant and affidavit are contained in the record on appeal that has been certified by the trial court as "designated papers on file" in the trial court's office in this case. It may well be that the warrant is a copy of the warrant executed by the police in this case and filed with the clerk of the court having jurisdiction over the offense. See Tenn. R. Crim. P. 41(d); State v. Johnson, 854 S.W.2d 897, 900 (Tenn. Crim. App. 1993). However, the record does not reflect the source of the warrant. As a practical matter, the burden is on the state at a suppression hearing to prove that a search was reasonable, a burden easily met when the state proves that a search warrant was issued that authorized the search. This means that the warrant is properly made an exhibit at the hearing. Without a transcript of the hearing, though, we do not know what occurred in this case.