IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 13, 2002

## STATE OF TENNESSEE v. JOHNNY E. GARRETT

**Direct Appeal from the Criminal Court for Overton County**
**No. 4040     Leon C. Burns, Jr., Judge**

---

**No. M2001-00540-CCA-R3-CD - Filed March 28, 2002**

---

An Overton County jury convicted the defendant of possession of cocaine for resale, simple possession of marijuana, and possession of drug paraphernalia. In this appeal, he contends the search warrant was improperly issued, and the trial court erred by not ordering the state to disclose the identity of the confidential informant. For the reasons set forth below, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Gary N. Lovellette (at trial) and Michael H. Knowlton (on appeal), Cookeville, Tennessee, for the appellant, Johnny E. Garrett.

Paul G. Summers, Attorney General and Reporter; Gill Robert Geldreich, Assistant Attorney General; William Edward Gibson, District Attorney General; and Owen G. Burnett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Detective Kyle Norrod monitored three drug purchases from the defendant by a confidential informant. Two of the three transactions occurred at the defendant's home. Detective Norrod searched the informant before each transaction and then listened to the purchases via a wire worn by the informant. The informant handed Detective Norrod the drugs immediately after each purchase. On November 6, 1997, about one week after the informant made his last purchase of cocaine and marijuana from the defendant, Norrod signed an affidavit which stated the following:

Within the past seven (7) days a reliable and creditable [sic] confidential informant has made purchases of Cocaine and Marijuana from [defendant] inside of [defendant's home]. Prior to purchasing Cocaine and Marijuana from [defendant] said confidential informant was searched by Det. Norrod and found to have no drugs or controlled substances of any kind in his possession. Through a wire placed on informant Det. Norrod was able to monitor the ... conversation between [defendant] and said confidential informant, then the Marijuana and Cocaine was [sic] purchased from [defendant] by said confidential informant. After the purchase, said confidential informant left [defendant's home] and immediately met with Det. Norrod and handed said Marijuana and Cocaine to him. Within the last ninety (90) days, said confidential informant has made one (1) other separate and destict [sic] controlled purchase of Cocaine from [defendant] [ ] [i]nside of [defendant's home.] [S]aid confidential informant was searched by Det. Norrod prior to each of the two (2) purchases and no drugs were found in said informants [sic] possession. Each of the two (2) purchases were [sic] monitored by Det. Norrod through a wire placed on said informant. The Cocaine was handed by said informant to Det. Norrod after each of the purchases. Said confidential informant is familiar with the appearance of Cocaine and Marijuana from past exposure and personal use.

Based on Detective Norrod's affidavit, a search warrant was issued. While executing the search warrant, officers found over 39 grams of cocaine, 3.9 grams of marijuana, scales, and rolling papers.

The defendant was subsequently convicted at a jury trial of possession of cocaine over .5 grams with intent to sell, simple possession of marijuana, and possession of drug paraphernalia.

## I. SEARCH WARRANT

The defendant argues Detective Norrod's affidavit did not establish sufficient probable cause for the search warrant to issue because: (1) the information was stale; (2) the facts in the affidavit did not provide a nexus between the crime and the interior of the defendant's home; (3) the affidavit did not establish the confidential informant's veracity as required by State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989); and (4) the affidavit contained false statements. After reviewing the record, we find the defendant failed to present the first two arguments to the trial court. Since an appellant cannot change theories from the trial court to the appellate court, these arguments are waived. See State v. Dooley, 29 S.W.3d 542, 549 (Tenn. Crim. App. 2000). Further, we find no plain error with regard to these two issues.[1] See Tenn. R. Crim. P. 52(b).

---

[1] This affidavit alleging a drug purchase within seven days and another within 90 days is similar to an affidavit found by this court not to be stale. See State v. Conaster, 958 S.W.2d 357, 361 (Tenn. Crim. App. 1997) (rejecting staleness argument where affidavit alleged drug purchase "within the past 10 days" and numerous other times during

(continued...)

## A. Veracity of the Confidential Informant

The Fourth Amendment warrant requirement demands that a probable cause determination be made by a neutral and detached magistrate. State v. Valentine, 911 S.W.2d 328, 330 (Tenn. 1995); State v. Moon, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992). Probable cause has generally been defined as "a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." State v. Johnson, 854 S.W.2d 897, 899 (Tenn. Crim. App. 1993). When reviewing the issuance of a search warrant, this court must determine whether the magistrate had a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing; the magistrate's judgment is entitled to great deference on appeal. Jacumin, 778 S.W.2d at 431-32.

In Jacumin, our supreme court adopted a two-pronged standard for determining whether probable cause exists under the circumstances presented in the affidavit submitted to the magistrate. In doing so, the court relied upon the authority of Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969), and expressly rejected the "totality of the circumstances" approach found in Illinois v. Gates, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Jacumin, 778 S.W.2d at 436. According to this two-pronged test, when the affiant relies upon hearsay information from a confidential informant, the magistrate must be convinced that (1) the informant possesses a "basis of knowledge" concerning the reported events, and (2) the informant was credible or his information reliable. *Id.* at 432; Moon, 841 S.W.2d at 338.

The affidavit and underlying circumstances in this case are somewhat unique. This is not a case in which an officer relies totally upon information furnished by the informant. Here, the affiant-officer alleges he personally monitored the two drug transactions which formed the underlying basis for the search warrant. Thus, many of the facts alleged in the affidavit were based upon the officer's personal observations, not hearsay from the informant. To the extent that the officer did rely upon some hearsay information from the informant, the crucial issue is whether the affidavit establishes the credibility of the informant "or [that] his information was reliable." Jacumin, 778 S.W.2d at 432 (quoting Aguilar, 378 U.S. at 114-115, 84 S. Ct. at 1514) (emphasis added); Moon, 841 S.W.2d at 339. Thus, independent police corroboration may be considered in establishing the reliability of the information. Jacumin, 778 S.W.2d at 436; 2 LaFave, **Search and Seizure** § 3.3(f), p. 172 (3d ed. 1996).

The affidavit stated Detective Norrod searched the informant for drugs before each purchase, listened to the transactions through electronic monitoring, and then took possession of the drugs from the informant immediately after each transaction. The facts of the instant case are somewhat similar to those in State v. Maurice Lashaun Nash, No. W2000-02971-CCA-R3-CD, 2002 Tenn. Crim. App.

---

[1](...continued)
the past 90 days or more). We further note that the allegation of the sale of cocaine and marijuana within the last seven days "inside of [defendant's] house" provided a sufficient nexus between the drugs and the interior of defendant's residence. *See* generally State v. Vann, 976 S.W.2d 93, 105 (Tenn. 1998).

LEXIS 112 (Tenn. Crim. App. Feb. 8, 2002, at Jackson). In <u>Nash</u>, an officer conducted surveillance of the defendant's residence and monitored drug purchases made through a police informant before obtaining a search warrant. *Id*. at *2-4. This court held the officer's affidavit, which included his observations and a brief history of the informant's past assistance to law enforcement, was sufficient to establish probable cause. *Id*. at *9-10. In the instant case, we conclude Detective Norrod's corroborative personal observations regarding the prior drug purchases, along with the other information set forth in his affidavit, were sufficient to establish the reliability of the informant's information as required by <u>Jacumin</u>. Thus, probable cause existed for the issuance of the search warrant.

## B. Fraudulent Statements

The defendant also claims Detective Norrod made false statements in his affidavit with intent to deceive the court. He submits the facts contained in the affidavit vary from both Norrod's sworn account in a forfeiture warrant and the facts described in a statement written by the confidential informant. A search warrant may be invalidated if the affidavit supporting its issuance contains either a false statement made with the intent to deceive the court or a recklessly made false statement which is essential to a finding of probable cause. <u>State v. Little</u>, 560 S.W.2d 403, 406-07 (Tenn. 1978).

In the forfeiture warrant seeking forfeiture of a motorcycle and automobile, Detective Norrod described two drug purchases made by the confidential informant. One purchase was initiated when the defendant, driving a motorcycle, met with the informant and told the informant to meet him at his home to make the purchase. The second purchase was made while the defendant was driving an automobile. The dates of these two transactions were not set forth in the forfeiture warrant. At the pretrial motion hearing, Norrod testified he actually monitored three purchases from the defendant, only two of which were consummated at the defendant's home. It was those two purchases that were set forth in the search warrant affidavit.

The confidential informant's written statement said the informant went to the defendant's home on September 17, 1997, and arranged with the defendant to purchase cocaine. The informant said he then obtained money from Detective Norrod and returned to the defendant's home, where he purchased the drugs from the defendant.

We find nothing inconsistent between the facts submitted to the magistrate by Detective Norrod in his search warrant affidavit and the facts described in the other documents. The proof established there were three separate drug transactions between the informant and the defendant, only two of which were consummated at the home of the defendant, as stated in the affidavit.

For these reasons, we agree with the trial court that defendant did not establish there were any false statements in the affidavit.

## II. DISCLOSURE OF INFORMANT'S IDENTITY

The defendant further argues the trial court erred in not ordering the state to disclose the identity of the confidential informant. However, our review of the record indicates this issue was not properly raised in the trial court. During a pretrial hearing, defense counsel asked Detective Norrod if he had a written report from the confidential informant. The state objected to the defendant's learning the name of the confidential informant. Before the trial court could rule on the state's objection, the defendant indicated he would agree to accept a copy of a written statement made by the confidential informant with the name of the informant "blackened out;" the state agreed. Detective Norrod then read the informant's statement into evidence without revealing the informant's name in response to the defendant's request. There is no motion nor any other request in the record seeking disclosure until the defendant, with different counsel, included and argued it in his motion for new trial.

Absent "plain error," an issue not timely presented to the trial court is waived on appeal. *See* Tenn. R. App. P. 36(a); Tenn. R. Crim. P. 52(b); State v. Eldridge, 951 S.W.2d 775, 783-84 (Tenn. Crim. App. 1997). Our review of the record reveals this issue was not presented to the trial court prior to trial; therefore, the issue is waived. Further, the record does not establish the trial court committed "plain error." Specifically, defendant has failed to establish that disclosure was material to the offense charged in the indictment; the defendant was not entitled to disclosure for the sole purpose of attacking the search warrant. State v. Vanderford, 980 S.W.2d 390, 397 (Tenn. Crim. App. 1997).

Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE