# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 15, 2003 Session

## STATE OF TENNESSEE v. DAVID G. HOUSLER

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 39217     John H. Gasaway, III, Judge**

---

**No. M2003-03122-CCA-R10-CD - Filed February 23, 2004**

---

This court granted the State of Tennessee's application for an appeal pursuant to Tennessee Rule of Appellate Procedure 10. The State is seeking reversal of the order of the Montgomery County Circuit Court which supplemented the appellate record in the defendant's direct appeal with the transcript of the trial in the case of State v. Courtney Matthews, Montgomery County Circuit Court No. 33791. Although Housler and Matthews were both charged in the homicides of four Taco Bell employees in Clarksville, Tennessee, the pair was tried separately, and the transcript of Matthews' trial was never introduced into evidence at any stage of the Housler trial or at any post-trial proceedings involving Housler. As a result, the order of the Montgomery County Circuit Court is REVERSED and VACATED, and the clerk of this court is ORDERED to return to the Montgomery County Circuit Court Clerk the transcript of the trial in State v. Courtney Matthews, Montgomery County Circuit Court No. 33791.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial
Court is Reversed and Vacated.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and DAVID H. WELLES, JJ., joined.

Michael E. Terry, Nashville, Tennessee, for the appellee, David G. Housler.

Paul G. Summers, Attorney General & Reporter; Elizabeth Ryan, Assistant Attorney General; and John Carney, District Attorney General for the appellant, State of Tennessee.

# OPINION

## Factual Background

A Montgomery County jury convicted David G. Housler of four counts of first degree murder for the deaths of four Taco Bell employees in Clarksville and sentenced him to life imprisonment. Thereafter, defendant filed a motion for new trial in the Montgomery County Circuit Court, which was denied. In February 2002, defendant perfected his direct appeal to this court. Defendant's appeal proceeded in this court as an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3. See State v. David G. Housler, No. M2002-00419-CCA-R3-CD.

On December 20, 2002 the defendant first attempted to get the Matthews' transcripts into the appellate record, when he filed his brief and attached the Matthews' transcripts thereto. The transcripts attached to the brief were not certified by the Montgomery County Circuit Court, as required by the Tennessee Rules of Appellate Procedure. More importantly, attachments to appellate briefs are not a part of the record and will not be considered by the courts of this State. See Tenn. R. App. P. 28(a); State v. Matthews, 805 S.W.2d 776, 783 (Tenn. Crim. App. 1990) (transcripts attached to appellant's brief were not considered by the court because they were not a part of the record). Thus, defendant's first attempt to have the Matthews' transcripts included in the appellate record failed.

Next, on February 27, 2003, defendant filed a motion to supplement the record with the "full record in State v. Courtney Matthews, Montgomery County Circuit Court No. 33791." Alternatively, defendant moved the court for an order directing the Montgomery County Circuit Court Clerk to supplement the record with the indictment and certified transcripts of the trial and sentencing hearing in State v. Courtney Matthews, Montgomery County Circuit Court No. 33791. Defendant asserted that the "primary, overriding issue in [his] case is the prosecutorial misconduct by the State of Tennessee which led to the conviction of two men, Courtney Matthews and David Housler, for the same crime on substantially different theories which are factually contradictory." In further support of the requested supplementation of the record, the defendant maintained that review of both trial court records was necessary for adequate review of his appeal. The problem, however, is that the Matthews' transcripts were never made a part of the defendant's trial record. The defendant did not introduce the transcripts as evidence at the hearing on his motion for new trial or otherwise. Thus, defendant was attempting to not only supplement the record with transcripts that had never been certified, but he was also attempting to supplement the record with transcripts that he had never introduced into his trial court record. Accordingly, this court denied defendant's motion to supplement the record with the Matthews' transcripts.

Despite this Court's ruling, the defendant filed a motion to supplement the record in the trial court. The Montgomery County Circuit Court granted defendant's motion to supplement the

appellate record with the Matthews' transcripts and forwarded certified copies of the transcripts to this court as a supplemental record. The Montgomery County Circuit Court's order allowing the Housler appellate record to be supplemented with the Matthews' transcripts specifically asserts that the court denied Housler's legal arguments at trial, in part, based upon the court's consideration, review, and comparison of the trial testimony of the State's prosecution of Courtney Matthews and the State's prosecution of David Housler. The court further declared that "the record does not accurately disclose the factual basis for Mr. Housler's arguments and the Court's decisions without supplementation and certification of the trial transcript of *State v. Courtney Matthews*, No. 33791."

On July 14, 2003, the State filed an application for an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10 . In its application, the State claimed that the trial judge improperly supplemented the record on appeal with transcripts from the separate trial of Courtney Matthews, after this court denied the same request by the defendant. Specifically, the State contended that the trial court's order allowing the supplementation of the appellate record exceeded the scope of Tennessee Rule of Appellate Procedure 24(e) and is in direct contravention of this court's April 30, 2003, order denying defendant's request to supplement the record with the aforementioned transcripts. After a response from the defendant, this court granted the State's Rule 10 application and set the matter for oral argument.

On appeal the defendant asserts that the trials of Courtney Matthews and David Housler are inextricably related and that "[p]rosecutorial misconduct in this case began before the trial of Courtney Matthews and continued throughout the trial of David Housler. To afford David Housler the rights guaranteed to him, this court must study and understand both transcripts." The defendant further maintains that he did not seek to circumvent this Court's order denying the supplementation of the appellate record, but instead "availed himself of his absolute right pursuant to Tennessee Rule of Appellate Procedure 24(e) to submit a correct and complete record."

Although defendant insists he was only attempting to submit a correct and complete record in his requested supplementation by the trial court, if this court allowed the supplementation, the record would be neither a correct nor complete record of the evidence introduced in the trial court. The defendant did not introduce the Matthews' transcripts into evidence at his motion for new trial or at any other time prior to his appeal. Moreover, although the defendant attempted to have the Matthews' transcripts certified so they could be included in the appellate record, the certification is inadequate as it relates to this appeal. The certification of the Matthews' transcripts was a standard certification for transcripts when a defendant has appealed to this court from a conviction and seeks to include the transcripts from the trial and sentencing hearing in his case as a part of the appellate record. The issue in this Rule 10 appeal is quite different, however, in that defendant Housler is attempting to have the transcripts of a separate defendant's trial made a part of the appellate record. The certificate on the Matthews' transcripts specifically reads:

<u>Certificate Of The Court</u>

THIS WAS ALL THE EVIDENCE INTRODUCED AND
PROCEEDINGS HAD RELEVANT TO QUESTIONS RAISED
ON THIS APPEAL ON THE TRIAL OF THIS CASE.

The petitioner having moved the court for a new trial,
which motion appears in the technical record. And the Court
having denied said motion for a new trial having excepted thereto,
the petitioner tenders this his Transcript of the Evidence to the
aforesaid action of the Court, which is signed, approved and
ordered to be made a part of the record by the Court.

The certificate was signed by Judge Gasaway, but it was not dated. The above-quoted certificate has no bearing on whether the evidence contained in the Matthews' transcripts has any relevancy to the trial, conviction, and sentencing of David Housler. Instead, the certification affirmatively asserts that Courtney Matthews has an appeal pending, and the evidence set forth in the transcripts is relevant to the questions raised by Matthews' appeal of his trial. Courtney Matthews does not have an appeal pending before this court, however. Additionally, the certificate in the Matthews' transcripts states that a motion for new trial in the Matthews case had been denied, but such statement is false. Although defendant Courtney Matthews filed a motion for new trial in Montgomery County in 1996, the Montgomery County Circuit Court has not ruled on the motion for seven years. The motion for new trial still has not been heard to date and continues to remain pending in that court. In any event, the certification of the Matthews' transcripts is insufficient to supplement the record in Housler's appeal.

Moreover, this court cannot, and will not, consider evidence that was not introduced in the trial court. See State v. Davidson, 121 S.W.3d 600, 614 n.8 (Tenn. 2003); Willis v. Tennessee Dep't of Corr., 113 S.W.3d 706, 713 n.6 (Tenn. 2003); State v. Cooper, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987). To allow otherwise, would defy the very purpose of the appellate record. Although Judge Gasaway maintains that he considered the Matthews' transcripts in ruling on the defendant's motion for new trial, the transcripts were not properly before him for review. The defendant argues that because he referred to the transcripts in his motion for new trial and the trial court "relied on" the transcripts in his ruling denying the new trial, the transcripts were properly before the court for consideration. Yet, the defendant fails to cite to any portion of the transcripts from the hearing on his motion for new trial where he even attempted to have the transcripts admitted into evidence. The mere reference to documents at a hearing does not support the proposition that the documents should be included in the appellate record. See State v. Johnson, 854 S.W.2d 897, 901-02 (Tenn. Crim. App. 1993). In Johnson this Court did not allow supplementation of the appellate record to include a search warrant even though the record contained a motion to quash the warrant and the transcripts contained references to the affidavit in support of the warrant and direct quotations from the affidavit in support of the warrant and the warrant itself. Id. This court reasoned that the warrant had not

-4-

been made an exhibit in the trial court, and Tennessee Rule of Appellate Procedure 24(e) did not allow the court to enlarge the record by adding evidence not introduced at the trial court. Id.

The defendant contends, however, that the court should follow the principle set forth by the Supreme Court in Johnson v. Hardin, 926 S.W.2d 236 (Tenn. 1996) that appellate courts should not allow technical noncompliance with the Rules of Appellate Procedure to impede the resolution of cases on their merits. Id. at 238-39. In Hardin the Supreme Court opined that appellate courts have the flexibility to suspend the Rules of Appellate Procedure to ensure a just result. Id. However, the issue in this appeal does not rest upon the technical noncompliance with the Rules of Appellate Procedure. As the Supreme Court noted in Hardin, matters never entered into evidence in the trial court are properly excludable from the appellate record. Id. at 240 n.6.

The order of the Montgomery County Circuit Court is therefore erroneous and cannot serve to supplement the record in Housler's appeal pursuant to Tennessee Rule of Appellate Procedure 3. See State v. David G. Housler, No. M2002-00419-CCA-R3-CD.

Conclusion

The order of the Montgomery County Circuit Court allowing supplementation of the appellate record with the transcripts from State v. Courtney Matthews, Montgomery County Circuit Court No. 33791, is REVERSED and VACATED. The clerk of this court is directed to forward the transcripts from State v. Courtney Matthews, Montgomery County Circuit Court No. 33791, back to the Montgomery County Circuit Court Clerk.

_____
JERRY L. SMITH, JUDGE