# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 10, 2009

## STATE OF TENNESSEE v. JESSE B. GILLILAND

**Appeal from the Circuit Court for Williamson County**
**No. II-CR033294    David G. Hayes, Senior Judge**

---

**No. M2008-02767-CCA-R3-CD - Filed June 17, 2010**

---

Appellant, Jesse B. Gilliland, was arrested at the Cool Springs Mall in Franklin, Tennessee
for videotaping underneath women's skirts.  Officers obtained a search warrant and while
conducting the search, discovered marijuana.  The Williamson County Grand Jury indicted
Appellant for one count of possession of marijuana weighing less than a half of an ounce.
Appellant filed a motion to suppress based on lack of probable cause for the search warrant.
The trial court denied the motion.  Appellant entered a negotiated plea to the marijuana
charge with a sentence of eleven months and twenty-nine days.  As part of his plea
agreement, Appellant reserved a certified question arguing that there was not probable cause
to support the search warrant because the facts as alleged, of Appellant photographing
underneath women's skirts in a public place, did not constitute a crime.  On appeal, the State
concedes that the facts as presented do not actually constitute crime under our State's current
statutory scheme.  Therefore, we must reverse trial court's judgment, order that the evidence found
as a result of the execution of the search warrant be suppressed, and remand for further proceedings
consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and
Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and
J.C. MCLIN, JJ., joined.

Jennifer Lynn Thompson, Nashville, Tennessee, for the appellant, Jesse B. Gilliland.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney
General; Ron Davis, District Attorney General, and Mary K. White, Assistant District
Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

On December 16, 2006, several people at Cool Springs Mall noticed Appellant attempting to photograph under a woman's skirt while she was shopping. This practice is known as "upskirting." Appellant had created a contraption whereby a camera was attached to the inside of a binder with velcro. The binder was then placed inside a shopping bag and arranged in such a manner to get a "good angle" to film under a skirt when Appellant held the shopping bag under the woman's skirt. The police were called to the mall. Appellant was arrested at the mall for this activity. Appellant's camera was confiscated. It did not contain an SD card upon which recorded images can be retained and removed from the camera. Instead, what Appellant had photographed up to that point was contained on the camera's hard drive. Therefore, the video could be viewed either on the camera itself, or on a computer after being downloaded. There were two recordings. One was a video showing the "cusps of the buttocks" of an identified victim. Her underwear was not visible in the video. A second recording was an unidentified female wearing a denim skirt. Appellant was not successful taping underneath this potential victim's skirt.

On December 20, 2006, Detective Jay Lewis, with the Franklin Police Department, obtained a search warrant to search Appellant's real property and vehicle. At the time of the search warrant, Detective Lewis worked in a technical capacity in the internet crimes against children unit of the Franklin Police Department. The stated purpose of the search warrant was to locate any "[m]aterial depicting the unlawful photography or video of any adult or child," as well as, any other material relating to the possible distribution of such material.

When Detective Lewis arrived at Appellant's residence to execute the search warrant, Appellant initially gave consent to search. However, shortly thereafter, Appellant began to place several restrictions upon where the officers could search. At that point, Detective Lewis presented the search warrant. Upon executing the search warrant, the detective found marijuana in a white, zippered, plastic bag in a bedroom closet on a top shelf.

As a result of the discovery of the marijuana, the Williamson County Grand Jury indicted Appellant for one count of possession of marijuana weighing less than a half of an ounce. On July 15, 2008, Appellant filed a motion to suppress the marijuana. Following an evidentiary hearing held on September 9, 2008, the trial court denied Appellant's motion by written ordered filed September 25, 2008. Subsequently, Appellant entered a negotiated plea agreement to one count of simple possession of marijuana with a sentence of eleven months

and twenty-nine days. Pursuant to his plea agreement, Appellant preserved issues for appeal to this Court.

## ANALYSIS

Appellant properly preserved a certified question of law pursuant to Rule 37(b)(2)(I) of the Tennessee Rules of Criminal Procedure for appeal to this Court. In that certified question, Appellant asserted that "[t]he facts, as alleged in the affidavit and search warrant, if true, do not constitute a crime."

In analyzing this type of issue, an appellate court is to conduct a de novo review regarding the trial judge's application of the law to the evidence presented. *State v. Bridges*, 963 S.W.2d 487, 490 (Tenn. 1997); *State v. Yeargan*, 958 S.W.2d 626, 628-29 (Tenn. 1997). Our standard of review for a trial court's findings of fact and conclusions of law on a motion to suppress evidence is set forth in *State v. Odom*, 928 S.W.2d 18 (Tenn. 1996). Under this standard, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." *Id.* at 23. As is customary, "the prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)). Nevertheless, this Court reviews de novo the trial court's application of the law to the facts, without according any presumption of correctness to those conclusions. *See State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001); *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999). When the trial court's findings of fact are based entirely on evidence that does not involve issues of witness credibility, however, appellate courts are as capable as trial courts of reviewing the evidence and drawing conclusions, and the trial court's findings of fact are subject to de novo review. *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000).

Appellant argues there was no probable cause for the search warrant because the affidavit's description of Appellant's behavior in photographing under women's skirts does not actually constitute a crime. Therefore, according to Appellant, the officer made a mistake of law and there was no probable cause to support the search warrant.

An affidavit establishing probable cause is an indispensable prerequisite to the issuance of a search warrant. *See, e.g.*, T.C.A. § 40-6-103; Tenn. R. Crim. P. 41(c); *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998); *State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992). "Probable cause has been defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." *Henning*, 975 S.W.2d at 294 (citing *Lea v. State*, 181 S.W.2d 351, 352 (Tenn. 1944)). Such probable cause "must appear in the affidavit [itself] and judicial review of the existence of probable cause will not include

looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant." *Moon*, 841 S.W.2d at 338; *see also Henning*, 975 S.W.2d at 295. To sufficiently make a showing of probable cause, an affidavit "must set forth facts from which a reasonable conclusion might be drawn that the evidence is in the place to be searched." *State v. Smith*, 868 S.W.2d 561, 572 (Tenn. 1993). However, a decision regarding the existence of probable cause requires that the affidavit contain "more than mere conclusory allegations by the affiant." *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn. 1999)(citing *Moon*, 841 S.W.2d at 338).

After describing the facts that occurred at the mall, the affidavit contained the following assertions:

> Detective Lewis interviewed witness Tamela Holt. She stated that while shopping near the Verizon kiosk, she observed suspect [Appellant] place the video camera, obscured inside a binder, underneath the victim's skirt. Holt notified Mall Security and then observed [Appellant] attempt to destroy the evidence by deleting recordings from the video camera.
>
> An archive of video and photos containing unlawful photography, located at [address] is probable based upon the following:
>
> > [1] This officer has previous involvement in a similar case in which the defendant maintained an archive of multiple video tapes in his home.
> > [2] This officer has previous experience assisting Detectives Charlie Warner and Eric Anderson with child pornography cases; in those cases, further searches frequently uncovered archives of more videos and photos.
> > [3] The video camera the defendant used contains a hard drive and does not record video to a removable CD, DVD, or tape; thus, videos must be downloaded to a recording device, such as a computer or VCR, for permanent archiving. The video camera also contains a removable memory card for storing photos, which was not present at the time of the arrest, and also may contain unlawful photography if located during the scope of the search.
>
> A search to recover said items is necessary in furtherance of this investigation to identify further victims.

A search to recover any power cable, charging cables, computer cables and software is necessary to archive evidence already located on the camera in evidence.

. . . .

Your affiant states that based upon affiant's knowledge as set forth above, and knowledge of other [Franklin Police Department] detectives directly involved in the investigation of the Unlawful Photography, that there is probable cause to believe remaining video recordings are stored and located within the residence, outbuildings and vehicles possessed by, or located at [address].

Appellant was originally charged with the crime of unlawful photography in violation of privacy, found at Tennessee Code Annotated section 39-13-605. Tennessee Code Annotated section 39-13-605(a) states:

(a) It is an offense for a person to knowingly photograph, or cause to be photographed an individual, when the individual is in a place where there is a reasonable expectation of privacy, without the prior effective consent of the individual, or in the case of a minor, without the prior effective consent of the minor's parent or guardian, if the photograph:

(1) Would offend or embarrass an ordinary person if such person appeared in the photograph; and

(2) Was taken for the purpose of sexual arousal or gratification of the defendant.

The element that is in question is the requirement that when the individual is photographed they be in a place in which there would be a reasonable expectation of privacy. In the case at hand, the victims were in the are of a shopping mall that is open to the public.

We were unable to find any Tennessee cases analyzing under our statutory scheme whether photographing underneath an individual's clothing in a public place would constitute photographing in a place where there is a reasonable expectation of privacy. However, appellate courts in Washington and Virginia have analyzed whether photographing underneath a woman's skirt in a public place can be considered unlawful photography where

someone would have reasonable expectation of privacy. *See State v. Glas*, 54 P.3d 147 (Wash. 2002); *Charles L. C'Debaca v. Commonwealth*, No. 2754-97-4, 1999 WL 1129851 (Va. Ct. App. Feb. 2, 1999). In both cases, the courts determined that because the women were in a public place at the time the defendants photographed underneath their skirts, they did not have a reasonable expectation of privacy at the time. *Glas*, 54 P.3d at 154; *Charles L. C'Debaca*, 1999 WL 1129851, at *2-3.

When analyzing our statute for unlawful photography, with which Appellant was charged, we come to a similar conclusion. We agree with Appellant that the particular facts in question in this case do not meet the elements set out in Tennessee Code Annotated section 39-13-605.[1] Presumably, the District Attorney also agreed because a nolle prosequi was entered with regard to the unlawful photography charges.

Appellant argues that because he cannot be proven to have committed unlawful photography, the officer made a mistake of law in the affidavit, and therefore, it cannot support the search warrant. Appellant argues that "[a]n officer's mistake of law, even if made in good faith, cannot provide grounds for reasonable suspicion or probable cause, because an officer's mistake of law can never be objectively reasonable."

On appeal, the State concedes the fact that the alleged victim of the unlawful photography was not "in a place where there is a reasonable expectation of privacy." Therefore, the State asserts, "while atrocious, [Appellant's actions] did not constitute the offense of lawful photography. We agree with the State that while Appellant's actions were particularly offensive and atrocious, his actions do not violate the statute in question as it currently stands.[2]

For this reason, we conclude that the search warrant was based upon a factual scenario that was not actually illegal under our statutory scheme. As stated above, a search warrant

_____

[1]This is not to say that photographs of the nature Appellant was making can never be a violation of Tennessee Code Annotated section 39-13-605 simply because they were taken in a place open to the public for business. There are often areas within public places where individuals would have a reasonable expectation of privacy. These areas include restrooms, dressing rooms, tanning beds, private offices, etc. *See e.g. Savoy v. U.S.*, 604 F.3d 929, 934-35 (6th Cir. 2010) (involving a public tavern); *State v. Jeffrey R. Dickens*, No. M2003-00783-CCA-R3-CD, 2004 WL 735025, at *4 (Tenn. Crim. App., at Nashville, Apr. 6, 2004) (involving a tanning salon). However, in the instant case Appellant's acts took place at a kiosk in the middle of a retail shopping mall in an area of the mall open to the public for the transaction of business.

[2]The General Assembly of Tennessee can of course amend Tennessee Code Annotated section 39-13-605 to criminalize conduct such as Appellant's. It is beyond the power of the court to do so.

must be based upon probable cause. *Henning*, 975 S.W.2d 294. The appellate courts in this state have established that probable cause is defined as "reasonable ground for suspicion, supported by circumstances of an illegal act." *Id.*; *see also*, *State v. Smotherman*, 201 S.W.3d 657, 662 (Tenn. 2006); *Stevens*, 989 S.W.2d at 293; *Lea*, 181 S.W.2d at 352; *State v. Johnson*, 854 S.W.2d 897, 899 (Tenn. Crim. App. 1993). Because Appellant's actions did not violate our statutory scheme, as conceded by the State, there was no illegal act and, therefore, no probable cause to support the search warrant. The trial court's judgment must be reversed.

## CONCLUSION

For the foregoing reasons, we must reverse trial court's judgment, order that the evidence found as a result of the execution of the search warrant be suppressed, and remand for further proceedings consistent with this opinion.


_____
JERRY L. SMITH, JUDGE