# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1998 SESSION



FILED

**December 2, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9805-CC-00154 |
| Appellee, | ) |
| | ) Weakley County |
| V. | ) |
| | ) Honorable William B. Acree, Judge |
| | ) |
| **JAMES NORMAN USERY,** | ) (Possession of Controlled Substance) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Garry Brown
Attorney at Law
Crocker Law Firm
P.O. Box 505
Milan, TN 38358

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Thomas A. Thomas
District Attorney General

Allen Strawbridge
Assistant District Attorney General
P.O. Box 218
Union City, TN 38261

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

This is an appeal based upon a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(iv). Relying on information supplied by an unnamed informant, Lieutenant Joey Radford of the Greenfield Police Department swore out an affidavit in support of a warrant to search the home of the appellant, James Norman Usery. A warrant was issued; and the ensuing search yielded a small quantity of methamphetamine, marijuana, and drug paraphernalia. The appellant filed a motion to suppress this evidence, challenging the validity of both the affidavit and the warrant. Following a hearing, the trial court overruled the motion. The appellant entered a plea of guilty to possession of a schedule II controlled substance with intent to sell, reserving the right to appeal his challenge to the legality of the search. All below agree that these issues are dispositive of this case.

The appellant argues that the affidavit failed to establish probable cause for the issuance of the warrant for two reasons. First, the affiant failed to establish the reliability or credibility of his informant or provide a basis for the determination that the informant was a "citizen informant" and, second, the affidavit failed to describe with sufficient particularity what illegal property the appellant was alleged to possess. The warrant, he argues, is facially defective because it fails to describe the property to be seized with sufficient particularity. We find these issues to be meritless and affirm the judgment of the trial court.

Lieutenant Radford's affidavit provided that "A citizen informant has been in the residence in the past 72 hours and has directly witnessed white powder substance, green plant material, paraphernalia, weapons, and contraband associated with the use of controlled substances. This citizen informant is

familiar with controlled substances." Under the veracity prong, Lieutenant Radford checked a box next to the language, "The affiant has received information from a reliable citizen informant known to the affiant."

When, as here, an affidavit is based upon the hearsay statements of an informant, proof of the veracity of the informant may be subject to one of two standards. With regard to criminal or professional informants, Tennessee follows the approach of Aguilar v. Texas, 378 U.S. 108 (1964) and Spinelli v. United States, 393 U.S. 410 (1969), which requires a factual showing that the source is credible or his information reliable. See State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989). On the other hand, when information is supplied by a "citizen informant" or "an informant not from the criminal milieu," reliability is presumed, see State v. Melson, 638 S.W.2d 342 (Tenn. 1982); and "the state is not required to establish either the credibility of the informant or the reliability of his information." State v. Cauley, 836 S.W.2d 411, 417 (Tenn. 1993). Instead, "the reliability of the source and the information must be judged from all the circumstances and from the entirety of the affidavit." Id. (quoting Melson, 638 S.W.2d at 356 (Tenn. 1982)). The affidavit must "intrinsically accredit[] the informant." State v. Smith, 867 S.W.2d 343, 348 (Tenn. Crim. App. 1993).

Under the Jacumin standard, the affidavit in the present case would fail. Thus, the determinative question is whether the affidavit as a whole, including the affiant's description of the informant as "a reliable citizen informant known to the affiant," is sufficient to accredit the informant and allow a neutral and detached magistrate to characterize him or her as a "citizen informant," making applicable the more lenient Melson standard.

In State v. Smith, 867 S.W.2d 343, 348 (Tenn. Crim. App. 1993), this Court determined that the Melson standard was inapplicable when "there [was] nothing in [the] affidavit [stating that the informant] was a bystander witness, a victim, or otherwise a "citizen informant." We further stated,

> It is incumbent, we think, upon whoever seeks a search warrant to include in the affidavit whether the informational source, named or confidential, qualifies as a citizen informant. Otherwise, the issuing magistrate would not know which standard, Jacumin or Melson, to apply. Whether the affidavit describes the status of the source directly, by implication, or by inference, is immaterial; it must, however, be apparent before the less stringent Melson standard can be used to test the validity of the warrant.

Id. at 348 (emphasis added).

In the present case, Lieutenant Radford directly stated that he knew the informant, that he or she was a reliable person, and that he or she was a citizen informant. While we might be troubled by the bare conclusory statement of an affiant that an informant is a citizen informant, that is not the case here. Although only minimally descriptive, the affiant did state that he knew the informant, thus giving the magistrate some basis on which to judge the credibility of the information provided by the affidavit. That is, the magistrate had before him a person whose credibility he could judge. That person, Lieutenant Radford, swore that he knew the informant and that he or she was reliable. The magistrate, therefore, had a substantial basis for crediting the hearsay affidavit. See Melson, 638 S.W.2d at 354-55.

Again, the affidavit states that the informant "has been in the residence in the past 72 hours and has directly witnessed white power substance, green plant material, paraphernalia, weapons, and contraband associated with the use of controlled substances. This citizen informant is familiar with controlled

substances." The appellant argues that, rather than accredit the informant, this information is exactly the type that might be expected from a criminal informant and, therefore, suggests that the informant is other than the typical citizen informant. We cannot agree. We suspect that many average citizens would readily recognize illegal drugs and drug paraphernalia. That an informant recognizes such material is as likely to indicate that he or she watches the evening news or popular movies as it is to indicate involvement with the criminal milieu.

The appellant also argues that the affidavit fails to allege with sufficient particularity that the appellant possessed illegal property. As quoted above, the affidavit provides a description of several materials that is consistent with a description of controlled substances; it states that the informant is familiar with controlled substances, and it alleges the presence of "contraband associated with the use of controlled substances." The appellant argues that the affidavit describes no illegal items. That is, the appellant argues that the affidavit does not allege the presence of controlled substances and, even if it does, an allegation of the presence of controlled substances is only sufficient if it also alleges unlawful possession. See State v. Johnson, 854 S.W.2d 897, 900 (Tenn. Crim. App. 1993) (finding a reference to "drugs" to be insufficient, as drugs may be either lawfully or unlawfully possessed). The appellant argues that the only illegal item alleged by the affidavit to have been in his possession was "contraband." Contraband, he notes, is any property that it is unlawful to possess. An affidavit alleging only the presence of contraband fails to provide probable cause as to the possession of any particular illegal property, and a warrant issued on such a basis would constitute a general warrant in violation of Article I Section 7 of the Tennessee Constitution.

While we agree that an affidavit alleging only the presence of contraband would be insufficient, the affidavit must be read as a whole. See Cauley, 836 S.W.2d at 417. In the present case, the affidavit relates the presence of substances by a description that is consistent with that of certain controlled substances. Moreover, it does not merely allege contraband, but rather, "contraband associated with the use of controlled substances." We find such language to be clearly sufficient, when the affidavit is read as a whole, to identify with particularity the illegal items alleged to have been in the appellant's possession.

Finally, and along similar lines, the appellant argues that the search warrant is facially defective in that it does not describe the property to be seized with sufficient particularity. See Tenn. Code Ann. § 40-6-103 (requiring search warrants to "particularly describ[e] the property"). The warrant authorized a search for "white powder material, green plant material, paraphernalia, weapons and contraband to wit." From the plain language of the warrant, we have no difficulty in discerning with particularity the items to be seized.

The judgment of the trial court overruling the appellant's motion to suppress is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOE G. RILEY, Judge